## NASH v. SILVER LAKE ICE CO.

*(Supreme Court, General Term, First Department. July 9, 1889.)*

CHANGE OF VENUE—STIPULATION.
 Where, in *assumpsit*, defendant obtained three extensions of time of 20 days each in which to answer, and, on plaintiff's moving to vacate the last order of extension, stipulated that it would accept short notice of trial at the May term of the superior court of New York city, and apply for no further time to answer, and that issue should stand joined as of the date of the first order extending time for answering, such stipulation is an agreement by defendant that the case should be tried in New York, and a motion subsequently made by it to remove the case to the supreme court, and change the venue to the county of Erie, was properly denied.

Appeal from special term, New York county.

*Assumpsit* for work, labor, and services rendered was brought by Samuel W. Nash, Jr., against the Silver Lake Ice Company in the superior court of the city of New York, on January 28, 1889. Defendant applied for three extensions of time in which to answer, of 20 days each, which were granted by orders dated February 28th, March 20th, and April 9th, and on the 29th of

April it answered, setting up as defenses a general denial, a special agreement, and three counter-claims.    On April 11th, upon motion of Meyer Gutherin, plaintiff's attorney, an order to show cause at a special term of the superior court why defendant's time to answer should not be shortened was granted by Judge TRUAX, and at the hearing on April 18th the motion was denied, upon defendant's stipulating to "accept short notice of trial at the May term of this court," and to "apply for no further extension of time to answer herein; that issue may stand joined herein as of the 28th day of February, 1889; and that plaintiff shall be permitted to file his note of issue as though answer had been actually interposed as of the date aforesaid."    The stipulation was dated April 29th.    On May 2d, upon motion of Earl B. Putnam, defendant's attorney, an order to show cause why the cause should not be removed into the supreme court, and the place of trial thereof changed to the county of Erie, was granted by DAVY, J., but the motion was denied on May 15th at special term by INGRAHAM, J., and defendant appeals to the general term.    The opinion of INGRAHAM, J., was as follows: "In the face of the stipulation given by the defendants, I do not think this motion should be granted.    The action is a very simple one, brought to recover for work, labor, and services rendered by plaintiff to the defendant.    The defendant obtained three extensions of time of 20 days each in which to answer, and, a motion having been made to vacate the last order, that motion was denied on the defendant's stipulating that it would accept short notice of trial for the May term, and that it will apply for no further extension of time to answer, and that the plaintiff shall be permitted to file his note of issue as if an answer had been actually interposed as of the date of the order, and that stipulation was actually made.    This stipulation was, I think, in effect an agreement by the defendant that the case should be tried in New York, for there could be no object in placing it on the May calendar, except that it should be tried. The defendant, as a condition of receiving a favor, has stipulated that the case should be put upon the May calendar, and to grant this motion would entirely undo the effect of that stipulation, and throw the trial of the case over for an indefinite time.    The motion should therefore be denied, with $10 costs, to abide the event."

Argued before VAN BRUNT, P. J., and BRADY and BARTLETT, JJ.

Putnam & Slocum, (Earl P. Putnam, of counsel,) for appellant.    Meyer Gutherin, for respondent.

PER CURIAM.    Order affirmed, with $10 costs and disbursements, on opinion of INGRAHAM, J.