GEORGE WAITE TUBBS, Respondent, *v.* ROBERT C. EMBREE, Individually and as Trustee, etc., of ALEXA C. BOWDEN, Appellant.

89h 475
80 AD³527

*Equity case — notice of trial thereof at Circuit — waiver of right to a trial at Special Term — laches.*

In an action brought by the vendee named in a contract for the purchase of real property to recover damages for a breach of such contract by the vendor, which consisted in the inability of the vendor, by reason of a defect in the title, to give a good marketable title to the premises at the time fixed for the closing of the sale, such inability was admitted by the answer, but, by way of avoidance, the defendant asked for equitable relief, demanding specific performance of the contract upon the ground that within a few days after the date for the closing of such sale all objections to the title were cured and obviated and that the deed had been tendered before the suit was brought.

The plaintiff served notice of trial for the Circuit Court, and on the same day the defendant served a similar notice for the same term of the Circuit Court, but

two months thereafter the defendant moved to strike the cause from the Circuit Court calendar and place it upon the calendar of the Special Term, which motion was denied.

*Held,* that the fact that the defendant noticed the case for trial at the Circuit Court, together with the delay in making his motion, amounted to a distinct waiver on his part, and was equivalent to a consent to try the cause at the Circuit Court, and that his motion was properly denied.

Appeal by the defendant, Robert C. Embree, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of May, 1895, denying the defendant's motion to strike the cause from the calendar of the Circuit Court, and place same on the calendar of the Special Term for the trial of equity cases.

*Robert C. Embree,* for the appellant.

*Gratz Nathan,* for the respondent.

Per Curiam :

This action was brought by the vendee in a contract for the purchase of real property to recover damages for the breach of such contract by the vendor, the breach consisting of the inability of the vendor, by reason of a defect in the title, to give a good or marketable title to the premises at the time fixed for closing. Such inability is in effect admitted by the answer, but by way of counterclaim defendant asked for equitable relief, demanding specific performance, upon the ground that within a few days after the date for closing all objections to the title were cured and obviated, and that the deed was tendered before suit brought.

It will thus be seen that by the pleadings there was practically no issue of fact requiring a jury trial, and, as the real question in the case would turn upon the counterclaim set up in the answer, which called for equitable relief, had the motion been made in time, it would have been proper to have granted it to the extent of striking the case from the Circuit calendar and remitting it to the Special Term calendar, or at least of staying the trial of the action at law until the equitable defense set up by the answer could be disposed of. The defendant, however, did not move promptly. The plaintiff served notice of trial for the Circuit Court, and on the same day the defendant served a similar notice for the same term of the Cir-

cuit Court, and it was not until the lapse of two months thereafter that this motion was made to strike the cause from the Circuit calendar and place it upon the calendar of the Special Term.

We think that, under the authority of *Mackellar* v. *Rogers* (109 N. Y. 468), such conduct amounted to a distinct waiver on the part of the defendant, and was equivalent to a consent to a trial at Circuit. In that case a counterclaim was interposed in an equity action, the defendant demanding affirmative judgment for money. Both parties noticed the issues for trial at Special Term, where, upon the cause being reached, defendant demanded a trial by jury, which was denied. It was held (head-note) that "by noticing the cause for trial at a court of which a jury forms no part, the defendant waived his right to a jury trial, and consented to a trial by the court, and that the granting or refusal of the request was matter of discretion, and its exercise not reviewable here."

Upon the facts appearing, we think that the discretion vested in the Special Term was wisely exercised, and that the order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., FOLLETT and O'BRIEN, JJ.

Order affirmed, with ten dollars costs and disbursements.