(22 Misc. Rep. 409.)

RODIE et al. v. VERDON.

(Supreme Court, Special Term, Ulster County. January 15, 1898.)

CHANGE OF VENUE.

    Where a party to an action has been granted a continuance to the next term by consent of the other party as a favor, the legal effect is an agreement that the case be tried in the court where it was then pending, and the one who requested the continuance cannot be granted a change of place of trial to another county, since it would be allowing him to repudiate the agreement upon which the continuance was granted.

Action by Alexander H. Rodie and another against Frederick A. Verdon. Motion by defendant to change the place of trial. Denied.

Evarts, Choate & Beaman and Henry C. Quinby, for the motion.
Howard Chipp, opposed.

CLEARWATER, J. The action was begun by the service of a summons on the 27th day of August, 1897, and issue was finally joined by the service of the plaintiffs' reply on the 14th of December following. The county designated in the complaint as the place of trial is Ulster. The action is to recover the value of a steam boiler, and work, services, and materials furnished to the defendant by the plaintiffs. The defense is a breach of the contract and the warranty; that the breach consisted in the unfitness of the boiler and materials for the purposes for which they were intended, and contracted for, and the failure of the plaintiffs to perform the contract in accordance with its terms. A counterclaim, based upon the alleged breach, is pleaded. The entire transaction took place at or near the city of Hoboken, in the state of New Jersey. The defendant resides in Jersey City, in that state, but has an office for the transaction of business in the city of New York. One of the plaintiffs claims to reside, and has his principal office, in the city of Kingston, in the county of Ulster. The other resides at Hoboken. No demand that the place of trial be changed, save as made in this motion, has been served. On the 18th of December, 1897, the plaintiffs' attorney, who resides at Kingston, served a notice of trial for the trial term of this court then about to be held at the court house in Kingston on the 3d day of January, 1898. On the 23d day of December he received from the defendant's attorneys the following telegram:

"New York, December 23, 1897.

"To Howard Chipp, Esq., 29 East Strand, Kingston, N. Y.: On account of Mr. Evarts' absence in Europe, will you consent to let case go over to February term?      Evarts, Choate & Beaman."

The next morning he telegraphed this answer:

"To Evarts, Choate & Beaman, 52 Wall Street, New York: Case may go over to February term, as you request.      Howard Chipp."

On the 29th of December he received by mail this stipulation from, and signed by, the defendant's attorneys:

"New York Supreme Court, Ulster County.

"Alexander H. Rodie and William S. Rodie, Plaintiffs, against Frederick A. Verdon, Defendant.

"Consent.

"It is hereby consented by the respective parties to the above-entitled action that the trial thereof, now set down for January 3, 1898, be adjourned to and placed upon the calendar for the February, 1898, term of this court. "Dated, December 24, 1897.      ——— ———,

"Attorney for Plaintiffs.
"Evarts, Choate & Beaman,
"Attorneys for Defendant."

On the call of the calendar on the 3d of January he stated to the court that the case went over the term by agreement of counsel. On the 7th of January notice of this motion, with supporting affidavits,

were served.    It is contended by the plaintiffs, that the affidavit is insufficient, and that there is no warrant of law for changing the place of trial to the county of Kings.

The affidavit is, in my judgment, sufficient, and within the rule requiring the moving party to state what it is expected to prove by the witnesses whom he says he intends to call.    Nor is there much force in the criticism that the plaintiffs should have asked to have the trial in the county of New York, rather than in that of Kings. The pressure of business and the crowded condition of the trial calendars in the former county justifies the selection of the latter, and the motion would be granted, were it not for the telegram and stipulation of the defendant's attorneys.    These, I think, in legal effect, constituted an agreement that the trial should be adjourned, and the cause placed upon the calendar of the following Ulster trial term for February, 1898.    Without discussing the course which the defendant might have pursued, it is sufficient to say that, having asked, received, and enjoyed a favor, it is now too late, and against good conscience, for him to repudiate the agreement upon which it was granted.

The motion is denied, with $10 costs to abide the event of the action, in event the plaintiffs succeed.