(32 Misc. Rep. 487.)

### HARRIS v. BRADLEY et al. [1]

(Supreme Court, Special Term, Albany County. June 16, 1900.)

CHANGE OF VENUE.
　　A change of venue to accommodate the defendant making the application, and for the convenience of a few witnesses, will be denied where all the other defendants, including the principal officials of the applicant, have stipulated to try the case in the county in which the suit was brought.

Action by Melville A. Harris, suing on behalf of himself and others, against Edson Bradley and others. Motion for change of venue. Denied.

John A. Delehanty, for plaintiff.
Butler, Notman, Joline & Mynderse, for defendant Distilling Company of America.
Guggenheimer, Untermyer & Marshall, for other defendants.

BETTS, J. This is the return of an order obtained by the defendant Distilling Company of America for the plaintiff to show cause why the place of trial of this action should not be changed from Albany to New York county. The defendant the Distilling Company of America is a foreign corporation, and appears in this action by its attorneys, Messrs. Butler, Notman, Joline & Mynderse. All the other defendants appear by their attorneys, Messrs. Guggenheimer, Untermyer & Marshall. The time of all the other defendants except Dis-

[1] Reversed on appeal, see 66 N. Y. Supp. 847.

tilling Company of America to answer herein was extended by the plaintiff's attorney by stipulations, all substantially as follows:

"This stipulation is given upon condition that the issue herein shall remain as of original date, and that the plaintiff may at any time after such date of issue serve a notice of trial, and file a note of issue for the special term of the court for the trial of equity cases, appointed to be held in and for the county of Albany at the city hall in the city of Albany on the 16th day of June, 1900."

This stipulation was, in effect, an agreement that this case should be tried at the special term for the trial of equity cases held in the county of Albany. Nash v. Ice Co., 53 Hun, 637, 6 N. Y. Supp. 913. The Distilling Company of America did not join in this stipulation, and asserts that it should not be bound thereby. However, its president, Samuel M. Rice, its secretary, Theodore H. Wentworth, and its assistant secretary, Rudd Cheslett Rann, are bound by this stipulation. They would naturally be assumed to have the interest of the defendant the Distilling Company of America in mind, and they have agreed by their stipulation to have the trial of this case held in Albany.

Certain witnesses residing in New York county and elsewhere are stated in defendants' affidavits to be necessary for the defendants upon the trial of this action. The testimony to be given by these witnesses is as much or more for the benefit of the parties other than the distilling company than for it. These parties must be assumed to have had those witnesses in mind when they stipulated to try the case in Albany, and they can be easily subpœnaed to appear there. As to the officials of the Manhattan Trust Company, the plaintiff offers to stipulate that, if their testimony becomes necessary in order to show the amount of money received by the reorganization committee, and deposited with the Manhattan Trust Company, he will accept a verified statement from the books of the company, certified by any responsible officer thereof. Hence we have a case which plaintiff, a resident of Albany county, desires tried there, and all the defendants save one have stipulated to try in Albany county, and the principal officials of this one have assented thereto. It also appears, and it is a matter of common knowledge, that a much more speedy trial can be had in Albany county than in New York. Should the place of trial be changed to New York county to accommodate one defendant? The case cannot be tried in piecemeal. The wish of one defendant and the convenience of the few witnesses residing in New York county should not, in my opinion, prevail over the wishes of the plaintiff and the stipulation of the other defendants. Motion to change place of trial denied, with $10 costs.