(92 App. Div. 575.)

COLEMAN v. HAYES.

(Supreme Court, Appellate Division, Fourth Department. March 15, 1904.)

1. CHANGE OF VENUE—WAIVER.
     A party, by noticing a case for trial at a certain term, and by then appearing and securing a continuance, waives his right to subsequently move for a change of venue.

Appeal from Special Term, Yates County.

Action by John E. Coleman against Charles F. Hayes. From an order granting a change of venue on defendant's application, the plaintiff appeals. Reversed.

This action was commenced by the service of the summons on the 2d day of June, 1902. The venue was laid in the county of Yates. The defendant appeared by attorney, and demanded a copy of the complaint, on the 9th day of June, 1902, and on the 19th day of July following a copy of the complaint was served upon said attorney. The answer was served on the 7th day of August, and an amended complaint served by the plaintiff on the 14th day of October. The defendant's answer to the amended complaint was served on the 30th day of October, to which the plaintiff served a reply on the 10th day of November, 1902. The plaintiff thereupon filed a note of issue, and

caused the action to be placed upon the trial term calendar in Yates county for a term to be held on the 1st day of December, 1902. Both parties noticed the cause for trial at such term, and on the first day of the term the defendant, upon his own affidavit of merits, and of the illness of a material witness for the defense, by his attorney, moved for the postponement of the trial of the issues, and in said affidavit used this language: . "That the said witness, who resides at Prattsburg, N. Y., has been seriously ill for several weeks last past, and is now wholly unable to attend this court, or be present at the trial of this action in its order upon the calendar, but the deponent has been informed by Robert J. Scott, M. D., the physician attending the said witness, and verily believes, that the said witness will be able to attend this court by the time of the next trial term appointed to be held at Penn Yan, N. Y., on the third Monday of May, 1903." Thereupon the plaintiff and defendant entered into a stipulation fixing the amount of witnesses' fees incurred by the plaintiff to be paid by the defendant at the sum of $10, and the court entered an order, which, after reciting the application for postponement, opposition on behalf of the plaintiff, and the stipulation as to fees of witnesses, read as follows: "That the trial of the above-entitled action be adjourned to the next regular trial and equity term of this court, appointed to be held in and for the county of Yates, at Penn Yan, N. Y., on payment to plaintiff's attorney of ten dollars costs and witness fees fixed and taxed in the sum of ten dollars, within twenty days." Subsequently and on the 10th day of December, 1902, the defendant noticed a motion, returnable on the 20th day of that month at Rochester, Monroe county, for an order correcting the order of postponement mentioned in the affidavit of said Thomas (defendant's attorney), so as to make it read as stated therein by said Thomas, and for an order changing the place of trial of this action from the county of Yates to the county of Steuben, on the ground of and for the convenience of witnesses," etc. It appeared by the affidavit of defendant's attorney used upon said motion that when the application was made for the postponement of the trial he stated to the court that he intended to move for a change of venue. Subsequently the Special Term made an order amending said order of postponement upon the ground that it did not comply with the terms of the order as granted by the court, in that it was not intended to set the cause down for trial at the May term, 1903, and upon the affidavits presented by the defendant in support of his motion to change the place of trial the court ordered that the trial be held in the county of Steuben, instead of the county of Yates, wherein the venue was during all the time prior to the entry of such order, to wit, the 12th day of January, 1903. From the order changing the place of trial this appeal is taken.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Lyman J. Baskin, for appellant.

Monroe Wheeler, for respondent.

McLENNAN, P. J. The sole question presented upon this review requiring serious consideration is whether the defendant, by serving his notice of trial for the December trial term in 1902 to be held in the county of Yates, and by appearing at such term and applying for and receiving the advantage of a postponement of the trial beyond that term of court, waived his right to move the court subsequently for a change of venue to another county. In the case of Haiz v. Starin, 1 N. Y. St. Rep. 553, which was an action brought in the wrong county, and to the removal of which to the proper county the defendant was entitled as a matter of right, unless such right had been waived, the court said: .

"The receipt of the extension of time, subject to stipulation by defendant to take short notice of trial for the March circuit in Westchester, was a waiver

of the right to change the place of trial to the proper county. The defendant accepted a benefit from the plaintiff under an agreement that he would try the case in Westchester county. After receiving the advantage of a stipulation, it was too late, and against good conscience, to repudiate the consideration."

In Nash v. Silver Lake Ice Co. (Sup.) 6 N. Y. Supp. 913, the defendant applied for three extensions of time to answer, which were granted. A motion by the plaintiff to shorten the time of the defendant to answer was denied upon defendant stipulating to "accept short notice of trial at the May term of this court," and to "apply for no further extension of time to answer." Upon a subsequent motion by the defendant for the removal of the cause to the proper county it was held that by accepting the denial of plaintiff's motion, and stipulating to accept short notice of trial for a specified term in the county wherein the venue rested, he waived his right to have the same removed to another county, even although otherwise he would have been entitled to such removal as a matter of right. Rodie v. Verdon, 22 Misc. Rep. 409, 49 N. Y. Supp. 178. It seems to us that the grounds upon which the decisions in the cases cited were based were sound and equitable, and in principle apply to the case at bar. The defendant's notice of trial advised the plaintiff that he expected to try the cause at the December term. It in terms said: "The above cause will be brought to trial at the next trial term of this court, appointed to be held in and for the county of Yates, at the courthouse in the village of Penn Yan, on the 1st day of December, 1902;" and, acting upon that notice, the plaintiff prepared for the trial at that term. Under the circumstances of this case we think it should be held that the service of the notice of trial, and the motion for a postponement of the trial upon the ground of the illness of a material witness for the defense, constituted a waiver of the defendant's right to afterwards move for a change of venue. The application for the postponement was in harmony with the evident intention of the defendant to try the cause in Yates county, and "good conscience" should prevent his being permitted to secure an advantage for which he apparently was willing to pay by way of costs the sum of $20, and then attempt to "repudiate the consideration" to the prejudice of the plaintiff by a subsequent motion to change the place of trial.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.