(121 App. Div. 504.)

SCHAAF v. DENNISTON et al.

(Supreme Court, Appellate Division, Second Department. October 11, 1907.)

Venue—Change of Place of Trial—Waiver of Right to Change.

Parties, by noticing a case for trial in a certain county, procuring adjournments, stipulating that the case should be placed on the calendar in that county for trial at future dates, accepting the favor of the opening of defaults on condition that the case should be placed on the calendar of the same county for trial at early dates, appearing in court apparently ready to try the case when reached, and applying for a postponement be-

cause of the absence of a witness, without suggesting that the place was inconvenient for attendance, waived their right to move for a change of venue on the ground that the convenience of witnesses would be promoted, and it was an abuse of discretion to grant the change as a favor.

Appeal from Special Term, Kings County.

Action by Charles Schaaf against Edward H. Denniston and another. From an order granting defendant's motion to change the place of trial, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Henry Hoelljes, for appellant.
Clarence P. Moser, for respondents.

HIRSCHBERG, P. J. The order appealed from, granting the defendants' motion to change the place of trial of the action from the county of Kings to the county of Monroe, appears to have been granted on the ground that the convenience of witnesses will be promoted by the change. Without detailing the circumstances attending the making of the contract sued upon, the bringing of the action, and the number and the residence of the witnesses, it may be conceded that the defendants would be entitled to a change of the place of trial, had their application therefor been made in good faith and timely; but the undisputed facts disclosed by the record are such as, in my opinion, to deprive the defendants of the right as a right to have the trial in the county of Monroe.

The plaintiff resides in the county of Kings, and brings the action as the assignor of a claim for goods sold and delivered to the defendants, who are residents of the city of Rochester. The action was brought on August 23, 1906. The defendants defaulted in pleading, but at the request of their attorney the default was opened by the plaintiff, without payment of costs, and an answer was accepted upon the consent and stipulation of the defendant's attorney that he would not oppose a motion to place the action on the preferred calendar of the court for the trial of short causes in the county of Kings. In September, 1906, the defendants served an amended answer to the complaint. In October both parties served a notice of trial for the November term in the county of Kings, and the case was duly placed on the calendar for that term. Thereafter a notice of advancement of the trial was served on the defendants' attorney on November 10th, asking to have the trial advanced and set down for the 17th day of December. On December 17th the case appeared on the day calendar, the defendants again made default, and the case was marked for an inquest. At the request of the defendants' attorney, the plaintiff's attorney again opened the default, without terms of any kind, except the condition, then agreed to by defendants' attorney, that the case should be restored to the day calendar and set down for trial in Kings county at an early date; and pursuant thereto the case was restored to the day calendar on December 19th, and on that day, on the application of the defendants' attorney, the action was again adjourned to January 7, 1907.

It further appears without dispute that on January 7th the defendants made a motion to have the cause stricken from the day calendar on the ground that plaintiff's assignors were not residents of Kings county, which motion was denied by the trial justice, and the case marked "ready." On the next day the trial of the case was adjourned to February 11th, on the application of the defendants' attorney, because of the absence of a material witness. On that day the plaintiff was ready with all his witnesses in court to try the action. On January 29th a written stipulation was signed by both the attorneys for the plaintiff and for the defendants, adjourning the trial of the action until the first Monday of April, 1907. The stipulation is entitled in Kings county, and clearly contemplated a trial there at the April term. The proceedings for the change of the place of trial were instituted by the procurement of an order to show cause, made January 30th, on affidavits verified, respectively, on January 29th and 30th.

By noticing the case for trial in Kings county; by procuring the adjournments; by stipulation that the case should be placed on the calendar in that county for trial at future dates; by accepting the favor of the opening of defaults, coupled in each instance with a condition that the case should be placed on the calendar of Kings county for trial at early dates; by appearing in court apparently ready to try the case when reached; by applying for a postponement because of the absence of a witness, without a suggestion that the place was inconvenient for attendance; and by the general laches indicated in the brief statement I have given of the history of the case—the defendants clearly lost all right to insist upon a change of venue. They waived the right as a right, and it was not the exercise of a wise discretion to give them the change as a favor. In Tubbs v. Embree, 89 Hun, 475, 35 N. Y. Supp. 320, it was held that the service of a notice for trial at a circuit court by the defendant was a waiver of the right to thereafter move to strike the cause from the circuit calendar and to place it upon the special term calendar. In Coleman v. Hayes, 92 App. Div. 575, 87 N. Y. Supp. 12, it was held that where both the parties to an action notice it for trial at a term of the court to be held in the county in which the action is brought, and the defendant appears at such term of court, and applies for and obtains, on the ground of the illness of a material witness, an adjournment of the trial until the next term of court, he thereby waives his right to move to have the venue changed to another county in order to promote the convenience of witnesses. I think the course of the defendants in this case amounted to an agreement on their part to try the case in Kings county. No other object than such a trial can be assumed as the purpose of the successive notices and stipulations. The acceptance of the favor in opening the defaults, coupled with the condition that the cause should be placed on the Kings county calendar for trial at an early date, was in effect an agreement to try the case in that county, and is a waiver of any right as such to compel the change of trial.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.