PERCY R. McPHAIL, Respondent, *v.* LEANDER RIDOUT and Others, Appellants.

*Change of place of trial for the convenience of witnesses — the moving affidavits must state facts showing the witnesses to be necessary — costs of the motion.*

An affidavit of a party moving to change the place of trial of an action for the convenience of witnesses, which fails to state the facts upon which the affiant bases his allegations that the witnesses named therein are material witnesses, is radically defective, and an order denying such motion, with costs, and granting the moving party leave to renew his motion upon new affidavits, will be affirmed upon appeal.

APPEAL by the defendants, Leander Ridout and others, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 18th day of July, 1894, denying the defendants' motion to change the place of trial of the action from the county of Monroe to the county of Cattaraugus.

*E. A. Nash,* for the appellants.

*William A. Sutherland,* for the respondent.

LEWIS, J. :

This action was brought upon two promissory notes made by the defendants, payable to the order of E. Bennett & Son. It was alleged in the complaint that the notes were transferred by the payees before maturity to one John P. Johnson, a banker at Highland, Kansas, for a valuable consideration and without notice, and by Johnson transferred to the plaintiff for value.

The place of trial was laid in the county of Monroe.

The answer of the defendants denied the execution and delivery of the notes and alleged that they were without consideration and were obtained from them by fraud and misrepresentation, and that Johnson did not purchase the notes before maturity and did not pay value for them and took them with notice of the fraud, and that the plaintiff obtained possession of the notes after they became due and payable. All the transactions relative to the alleged making and delivery of the notes took place in the county of Cattaraugus.

The defendants, upon the pleadings and affidavit of the defendants, moved to change the place of trial to Cattaraugus county. The motion was denied, with ten dollars costs, to be paid by the defendants to the plaintiff, but with leave to the defendants to renew the motion upon new affidavits. We are not advised by the record upon what ground the motion was denied, but assume that it was for the reason that the moving papers were defective in not stating the reason for the belief of the affiants that the persons named were necessary and material witnesses for the defendants. The plaintiff, with a view of defeating the defendants' motion, made and filed a written stipulation admitting the truthfulness of the allegations of the defendants' answer as to the notes having been procured by means of false and fraudulent representations, and that they were signed by the defendants in reliance upon the truth of such representations. It is the defendants' contention that the stipulation was not sufficiently broad; that it did not admit some material facts which they could prove by the Cattaraugus witnesses, and they call attention to the failure of the stipulation to admit that C. W. Leggett and R. C. Nobles were the duly authorized agents of E. Bennett & Son, the payees named in the notes ; and also to the allegation in the defendants' answer, wherein it is alleged, upon information and belief, that during the months of April and May, 1890, C. W.

Leggett and R. C. Nobles, the duly authorized agents of E. Bennett & Son, made certain false representations to the defendants and to the clause in the moving affidavit "That Fred Smith, Charles O. Boutelle, Stephen M. Herrick, Richard C. Dunn and Milton R. Childs are necessary and material witnesses, because they heard the statements and representations of the said Leggett and Nobles, because they know that said Leggett and Nobles were the duly authorized agents of said E. Bennett & Son." It is nowhere stated in said affidavit upon what facts the affiants base their allegation that said witnesses heard the representations mentioned, or knew of the agency of Leggett and Nobles. At most the statement in the affidavit amounted to the expression of an opinion of the affiants as to the knowledge possessed by the witnesses. Had it been stated that the affiants had conversed with the persons named, and had been informed by them that they would testify to facts showing or establishing the agency, or had the affidavits of the alleged witnesses been produced, showing the facts upon which their knowledge was based, a better ground for the motion would have been shown.

Like defects appear in every part of the affidavit where the affiants assume to state the reason why the persons named would be necessary witnesses.

Our particular attention is called by the appellants' counsel to the statement in the affidavit as to the witness Fred E. Johnson, as follows : " The said Fred E. Johnson, that at the time the said notes are alleged in the complaint herein to have belonged to and been owned by this plaintiff, or the said John P. Johnson, they were owned by the said E. Bennett & Son, and were not in the possession of either the said plaintiff or the said John P. Johnson." The counsel claims that Johnson is certainly shown to be a highly necessary and important witness for the defense ; there is nothing that precedes or follows the clause above quoted which adds any strength to it. It wholly fails to show that he is a necessary witness.

The motion was undoubtedly denied because of these radical defects in the moving papers. The defendants should have availed themselves of the clause in the order permitting a renewal of the motion upon new affidavits.

The appellants complain of the clause in the order imposing upon them ten dollars costs of the motion. The costs upon such motion

are sometimes made to abide the event of the action, but the motion being denied for the reason that the moving papers were radically defective, the defendants were properly required to pay costs of the motion, especially so as they were permitted to renew the motion upon new affidavits.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

DWIGHT, P. J., and BRADLEY, J., concurred; HAIGHT, J., absent.

Order appealed from affirmed, with ten dollars costs and disbursements.