RHEINSTROM v. WEIR.

(Supreme Court, Appellate Division, First Department.   May 1, 1896.)

CHANGE OF VENUE—SUFFICIENCY OF AFFIDAVIT.

An affidavit sufficiently states that affiant can prove by his witnesses what he alleges in his affidavit to be within their knowledge, where it states that "this defendant has conversed with the several witnesses herein named, and each and every witness has a vivid recollection of the different conversations had between this defendant and plaintiff at the times herein mentioned, and each and every witness so named is prepared to give testimony on the trial of this action as herein set forth; and deponent avers that he can prove on the trial all of the material facts, as herein set forth, by each of the respective witnesses herein named." Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Samuel Rheinstrom against Samuel J. Weir. From an order denying a motion to change the place of trial, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Rufus P. Livermore, for appellant.

William Arrowsmith, for respondent.

PATTERSON, J.   This is an appeal from an order denying a motion to change the place of trial of the action from New York county to Broome county.   The change of venue is asked for by the defendant for the convenience of witnesses.   The court at special term denied the motion, in view of the fact that the defendant did not produce the affidavits of any of the witnesses whom he alleges will be material and necessary to establish his defense in this action.   It is charged in the complaint that the defendant agreed to execute a bail bond to secure the discharge from prison of one Joseph Rheinstrom, in consideration of which the plaintiff agreed to execute and deliver to the defendant a bond of indemnity to save him from loss by reason of his becoming such bail, and as further consideration the plaintiff agreed to give $200 to the defendant, to be divided between him and one Curtiss and one Hyat, and that the defendant agreed to execute the bail bond, and have Joseph Rheinstrom released on bail, as soon as the $200 were paid, and that it was further agreed that, if the defendant was not accepted as bail by the magistrate, the $200 would be returned by the defendant to the plaintiff.   The complaint further alleges that the $200 were paid in accordance with the understanding that the plaintiff executed and acknowledged a bond of indemnity, but that the defendant has not carried out his part of the contract, and still retains the $200 and the indemnity bond, and the action is brought to recover that amount.   The answer denies all the allegations of the complaint, except that referring to a criminal charge having been brought against Joseph Rheinstrom. It then proceeds to set up, as an affirmative defense, that Joseph Rheinstrom having been indicted on or about the 9th day of May, 1895, the defendant, out of pure sympathy for the wife and children of said Joseph Rheinstrom, executed a bail

bond in the sum of $500 for the appearance of said Rheinstrom for trial under an indictment, which bond was approved by the county judge of Broome county, whereupon Rheinstrom was admitted to bail and released from custody; that Rheinstrom failed to appear for trial, and the defendant thereby became liable on the bailpiece; that some months afterwards Rheinstrom was arrested in the city of Atlanta, Ga., and was returned and surrendered to the authorities of Broome county; that thereupon, and in the month of December, 1895, the plaintiff called upon the defendant at his place of business, in Binghamton, Broome county, had divers conversations with him concerning the release of Joseph Rheinstrom from custody, requested the defendant to give a bond of $500 as bail for the said Joseph Rheinstrom, and that the defendant declined to do that unless the plaintiff or his friends would pay to him (the defendant) the sum of $200, which it is alleged the defendant expended in going to Atlanta after the said Joseph Rheinstrom, and also on condition that the plaintiff give to the defendant a good bond of indemnity; that the plaintiff agreed to do both of these things, but failed to give the bond of indemnity, and still neglects to do it, and the defendant claims that he has fulfilled all the agreement on his part; that on the 7th of January, 1896, the defendant, pursuant to his agreement with the plaintiff, executed a bond for $500 for the purpose of getting Joseph Rheinstrom released on bail, but the county judge refused to approve the bond on the ground that it was insufficient in amount to secure the presence of Rheinstrom when the indictment should be called for trial.

It is apparent that the only issue between the parties to this action is as to the terms upon which, in December, 1895, the defendant agreed to become bail for Joseph Rheinstrom, and what was done under that agreement. The defendant says in his affidavit upon which the motion was based that there are eight material witnesses, residents of Broome county, whose testimony is necessary for him at the trial. Curtiss, Short, Gitchell, and Dutcher, he says, were present at certain conversations between the plaintiff and the defendant, all of which related to the terms of the agreement. That three others can also testify to material conversations between plaintiff and defendant, and that the testimony of the county judge is necessary, to show the reasons for the rejection of the defendant as bail, and that that rejection was not because of defendant's irresponsibility, but for insufficiency of the amount of the bond. All these witnesses are to material matters. The analysis of the pleadings which has been given shows that the affirmative defense can only be made out by persons living in the county of Broome.

The objection is taken that the moving papers presented to the court were insufficient, in that they do not comply with the rule laid down in McPhail v. Ridout, 83 Hun, 446, 31 N. Y. Supp. 934, and in Thurfjell v. Witherbee, 70 Hun, 401, 24 N. Y. Supp. 278. In the latter case it was held, and it is unquestionably the rule, that affidavits to change the place of trial on the ground of convenience of witnesses must state that the moving party can prove the material facts by the persons named, and it is not enough for the moving

party to say that he expects to prove such facts, unless, by the affidavits, enough is shown to satisfy the court that there is a probability of the moving party proving the facts by the persons named as witnesses. The affidavit which was made the basis of this motion is not very concisely drawn, but it does appear that the defendant can prove by his witnesses what he alleges in his affidavit as within their knowledge, for it contains the following averment:

"That this defendant has conversed with the several witnesses herein named, and each and every witness has a vivid recollection of the different conversations had between this defendant and plaintiff at the times herein mentioned, and each and every witness so named is prepared to give testimony on the trial of this action as herein set forth; and deponent avers that he can prove on the trial of this cause all of the material facts, as herein set forth, by each of the respective witnesses herein named."

The affidavit was sufficient; the witnesses were shown to be material; the moving party disclosed his intention and ability to prove by them the material facts; and, in an action for $200, the defendant should not be compelled to bring this large number of witnesses from the county of Broome to the county of New York.

The motion should have been granted, and the order appealed from should be reversed, with $10 costs, and the motion to change the venue granted, with $10 costs, to abide the event.

WILLIAMS, O'BRIEN, and INGRAHAM, JJ., concur. VAN BRUNT, P. J., dissents.