tor, or any intent to deceive, or a reliance on the representations by respondent in making the contract or accepting the deed. It does not even allege that the representations were made prior to the execution of the contract, and it is doubtful whether it is sufficiently alleged that they were false. The allegation is that after defendant came into possession of the premises, which, presumably, was some time subsequent to the execution of the contract, he "ascertained that the premises were not fully rented as represented, and were not rented to reputable and responsible parties, but, on the contrary, to persons who were not financially responsible." Nor is it alleged that defendant did not know the real facts at the time. If the representations were made after the execution of the contract, they would not constitute any part of the consideration for the contract which defendant was then obligated to fulfill. It is not alleged that the premises were not fully occupied by reputable and responsible persons at the time of the making of the contract. The representations, if made at that time, could not be construed into a guaranty that the premises would be so occupied at the time of delivering possession to defendant. It is not alleged that any representation was made as to the tenure of the tenants,—whether for a day, a week, a month, or a year, or other term. The theory of the respondent is that the answer is sufficient to constitute a defense on the ground that the representations with reference to the tenants constituted part of the consideration, and were fraudulently made. But, as has been seen, the allegations are insufficient to show that the defendant's signature to the agreement was induced by fraudulent representations. The written contract appears to be complete, and provides for all the details of an exchange of real estate of the respective parties. It deals with the subject of tenants, and provides for an apportionment of the rents. As we have seen, this part of the answer alleges that the exchange of properties was to be made pursuant to the written agreement therein quoted. The respondent cannot, under the guise of varying the consideration, ingraft into the agreement by parol new terms and covenants. Engelhorn v. Reitlinger, 122 N. Y. 76, 25 N. E. 297, 9 L. R. A. 548; Eighmie v. Taylor, 98 N. Y. 288; Seitz v. Machine Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837.

It follows that plaintiff's demurrer was improperly overruled, and the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, but with leave to defendant to amend answer within 20 days upon payment of the costs of demurrer and of this appeal. All concur.

---

JOHNSON v. NEW HOME SEWING–MACH. CO.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. WITNESS—DEPOSITION—RELEVANCY.
    Code Civ. Proc. § 871, provides that the deposition of a person not a party to an action may be taken, if the testimony is material or necessary. *Held*, that an affidavit by plaintiff as to what he expected to prove by a witness which did not allege that plaintiff had had any conversation

with the witness, or other facts tending to show that the witness would testify as plaintiff expected, was not sufficient to show that the testimony was material, so as to justify an order to take his deposition.

:2. SAME—SICKNESS—EVIDENCE—SUFFICIENCY.
Code Civ. Proc. § 872, declares that the person desiring to take a deposition may present an affidavit that the person to be examined is so sick or infirm as to afford reasonable grounds for believing that he will not be able to attend trial. *Held*, that an affidavit by plaintiff's attorney that in October, 1900, a certain witness informed affiant that he had been an invalid since the preceding spring; that in December, 1900, the witness' attorney filed an affidavit in the supreme court that on April 15, 1899, the witness, when supposed to be in a dying condition, was operated on for appendicitis; and that the witness was unable to attend to his professional duties until December, 1900,—was not sufficient to show that the witness was sick, so as to justify an order March 9, 1900, to take his deposition; there also being an affidavit by the witness that he had regained his health.

Appeal from special term, New York county.

Action by John A. Johnson against the New Home Sewing-Machine Company. From an order denying defendant's motion to vacate an order for the examination of a witness before trial, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles E. Mahony, for appellant.
Edwin R. Leavitt, for respondent.

LAUGHLIN, J. The order was granted under sections 871, subdivision 5 of 872, and 873 of the Code of Civil Procedure, upon the theory that the witness was "so sick or infirm as to afford reasonable ground to believe that he. will not be able to attend the trial." The order must be reversed upon two grounds: (1) It is not sufficiently shown that the witness is material; and (2) it is not sufficiently shown that he is so sick or infirm as to afford reasonable ground for believing that he will not be able to attend the trial.

1. The only moving affidavit relating to the materiality of the witness is that of the plaintiff, who merely states what he "expects" to prove by the testimony of the witness whose examination is sought to be had. Plaintiff does not state that he has had any conversation with Albright, or disclose any fact or circumstance tending to show that he has any reasonable ground for his expectation with reference to the testimony that may be given by Albright. Tilton v. Insurance Co., 1 Abb. N. C. 348; Hale v. Rogers, 22 Hun, 19; Chapin v. Thompson, 16 Hun, 53; Thurfjell v. Witherbee, 70 Hun, 401, 402, 24 N. Y. Supp. 278; Rheinstrom v. Weir, 5 App. Div. 109–112, 38 N. Y. Supp. 1030; White v. Hall, 8 App. Div. 618, 40 N. Y. Supp. 945; Lyman v. Gramercy Club, 28 App. Div. 30–34, 50 N. Y. Supp. 1004.

2. The order was granted on the 9th day of March, 1901, and the moving affidavits were verified on the preceding day. The affidavit with reference to the illness of the witness was made by plaintiff's attorney. It is to the effect that on the 19th day of October, 1900, Albright informed affiant "that since the preceding spring he has

been an invalid and dangerously ill, and expected to die at any time"; that on the 27th day of November, 1900, affiant was informed by Albright's attorney "that said Albright was then seriously ill,. having undergone an operation for appendicitis, and was not expected to live"; and that on the 29th day of December, 1900, Albright filed an affidavit in a proceeding pending in the supreme court stating, in substance, that he was attacked with appendicitis on the 1st of April, 1899, and that on the 15th day of the same month, when he was supposed to be in a dying condition, he underwent an operation for appendicitis, and was unable to leave his apartment until the last of June, when he went to Europe for his health,. and was "unable, by reason of such sickness and malarial poisoning, to attend to his professional work" until about the 15th of December, 1900. Defendant read in opposition to the motion an affidavit of Albright showing that he was, and had been since the 15th day of December, 1900, perfectly well, and attending to his professional business. The affidavit, even if it tended to show the serious illness of the witness many months prior to the making of the motion, but failed to show any fact or circumstance indicating the continuance of the illness or inability, would be clearly insufficient to comply with the reasonable requirements of these provisions of the Code; and, manifestly, when it appeared that the witness had regained his health, the order granted for his examination should have been vacated.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur; HATCH, J., on second ground.