AVERY v. ALLEN et al.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

Where plaintiff resisted an application for a change of venue for convenience of witnesses, and showed that more witnesses resided in the county where the action was brought than defendant claimed resided in the county to which change was sought, an order granting the change was not justified.

2. SAME.

Where plaintiff's affidavit positively averred that the witnesses would testify to the facts alleged in the affidavit, it would be presumed that plaintiff knew that the witnesses had personal knowledge of the facts to which they were expected to testify, and the affidavit was not defective for failure to allege that plaintiff had talked with the witnesses and had received their assurances that they would so testify.

Appeal from special term, Kings county.

Action by Robert Avery against Elbert F. Allen and others. From an order changing the place of trial from Kings county to the county of Onondaga, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Robert Avery (Joseph J. Myers, on the brief), for appellant.
Louis L. Waters, for respondents.

HIRSCHBERG, J. The plaintiff is a resident of the county of Kings, and has brought this action in that county to recover damages for the alleged breach of a written contract by which the defendants agreed to deliver to him certain shares of stock, and consents of property owners and of local authorities for the construction and operation of a street railway in the county of Onondaga. The answer of the defendant William B. Kirk, by whom the motion was made for a change of the place of trial, admits the execution of the contract, alleges failure of performance on the part of the plaintiff, and sets up a counterclaim. The other defendants had not answered at the time the motion was made, but duly consented to the change of venue.

The contract was executed by some of the parties at the city of Syracuse, and by others at the city of New York. The papers show that the transactions which will be the subject of investigation took place in part in either city. Under the circumstances, the order must be supported, if at all, upon the ground that the change of the place of trial is required in order to promote the convenience of witnesses.

As the appellant made affidavit to more witnesses residing in the county of Kings than the respondent named as residing in the county of Onondaga, the order cannot be justified upon this ground, unless the papers or proceedings upon the appellant's part were defective, as claimed by the respondent.

It is not required, as the respondent contends, that the affidavit in opposition to the motion should show that the appellant had talked with the witnesses on whom he relies, and had so received their assurances that they would testify as he expects. True, the assurance was received in that manner in Rheinstrom v. Weir, 5 App. Div. 109, 38 N. Y. Supp. 1030, cited by the respondent, but it is quite sufficient if it be received from actual knowledge on the part of the affiant that the witnesses were present at the time and place of the transactions in question, and thus know the facts at first hand; and when the assurance is accompanied, as in this instance, by a positive averment that they will testify to the facts as set forth in the affidavit, the court can see that the expectation that they will so testify is based upon a reasonable ground. Johnson v. Machine Co., 62 App. Div. 157, 70 N. Y. Supp. 875. The original and supplemental affidavits made by the appellant, taken together, sufficiently establish the possession by him of information justifying his assertion of what he expects to and can prove by the witnesses. The appeal is properly taken in this department. Code Civ. Proc. § 989.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.