ROBERT AVERY, Appellant, v. ELBERT F. ALLEN and Others, Respondents.

*Change of venue for the convenience of witnesses — sufficiency of the allegations as to what the witnesses will testify to.*

An affidavit submitted in opposition to a motion to change the place of trial, on the ground of the convenience of witnesses, need not show that the opposing party has talked with the witnesses on whom he relies and has so received their assurances that they will testify as he expects.

It is quite sufficient that the assurance was received from actual knowledge on the part of the affiant that the witnesses in question were present at the time and place of the transactions in question and that they thus knew the facts at first hand, particularly where the assurance is accompanied by a positive affidavit that the witnesses will testify to the facts set forth therein.

APPEAL by the plaintiff, Robert Avery, from an order of the Supreme Court, made at the Columbia Special Term and entered in the office of the clerk of the county of Kings on the 10th day of September, 1902, granting a motion made by the defendant, William B. Kirk, to change the place of trial of the action from the county of Kings to the county of Onondaga.

*Robert Avery* and *William Wills* [*Joseph J. Myers* with them on the brief], for the appellant.

*Louis L. Waters*, for the respondents.

HIRSCHBERG, J. :

The plaintiff is a resident of the county of Kings and has brought this action in that county to recover damages for the alleged breach of a written contract by which the defendants agreed to deliver to him certain shares of stock, consents of property owners and of local authorities for the construction and operation of a street railway in the county of Onondaga. The answer of the defendant William B. Kirk, by whom the motion was made for a change of the place of trial, admits the execution of the contract, alleges failure of performance on the part of the plaintiff and sets up a counterclaim. The other defendants had not answered at the time the motion was made, but duly consented to the change of venue.

The contract was executed by some of the parties at the city of Syracuse and by others at the city of New York. The papers show that the transactions which will be the subject of investigation took place in part in each city. Under the circumstances the order must be supported, if at all, upon the ground that the change of the place of trial is required in order to promote the convenience of witnesses. As the appellant made affidavit to more witnesses residing in the county of Kings than the respondents named as residing in the county of Onondaga, the order cannot be justified upon this ground unless the papers or proceedings upon the appellant's part were defective, as claimed by the respondents.

It is not required, as the respondents contend, that the affidavit in opposition to the motion should show that the appellant had talked with the witnesses on whom he relies and had so received their assurances that they would testify as he expects. True, the

assurance was received in that manner in *Rheinstrom* v. *Weir* (5 App. Div. 109), cited by the respondents, but it is quite sufficient if it be received from actual knowledge on the part of the affiant that the witnesses were present at the time and place of the transactions in question and thus know the facts at first hand, and when the assurance is accompanied as in this instance by a positive averment that they will testify to the facts as set forth in the affidavit, the court can see that the expectation that they will so testify is based upon a reasonable ground. (*Johnson* v. *New Home Sewing Machine Co.,* 62 App. Div. 157.) The original and supplemental affidavits made by the appellant, taken together, sufficiently establish the possession by him of information justifying his assertion of what he expects to and can prove by the witnesses.

The appeal is properly taken in this department. (Code Civ. Proc. § 989.)

The order should be reversed, with ten dollars costs and disburse: ments, and the motion denied, with costs.

GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with costs.