## JACOBSON v. GERMAN-AMERICAN BUTTON CO.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. VENUE—PLACE OF TRIAL—CHANGE—ACTION ON CONTRACT.

   Under the express terms of the General Rule of Practice 48, on a motion to change the place of trial to another county, in an action for breach of a contract, that the contract was made and was to be performed in such county may be considered.

2. SAME—RIGHT TO CHANGE.

   In an action for breach of a contract, defendant's motion to change the place of trial to the county where the contract was made, where defendant's principal place of business was located, and where its witnesses reside should have been granted; plaintiff having only one witness, besides himself, residing in the county of suit.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, §§ 76, 77.]

Appeal from Special Term.

Action by Edward Jacobson against the German-American Button Company. From an order denying a motion to change the place of trial for the convenience of witnesses, defendant appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Grosvenor H. Backus, for appellant.
William Rosin, for respondent.

McLAUGHLIN, J. Action to recover damages for the breach of a contract for the sale and delivery of certain burlap bags alleged to have been made between plaintiff and a corporation, the assets of which it is alleged were assumed and taken over by the defendant. The answer puts in issue the material allegations of the complaint, and alleges that the defendant was not in existence at the time the alleged contract was made.

The plaintiff is a resident of the county of New York and the defendant has its principal office and place of business in the county of Monroe, where the alleged contract was made and to be performed. This fact is to be considered in determining the place of trial. Rule 48 of the General Rules of Practice. The moving papers show that the witnesses on the part of the defendant reside in Monroe county; and, while it is possible that all of those mentioned may not be necessary at the trial, it is quite apparent whatever witnesses are necessary to enable the defendant to properly defend the action reside in that county. The plaintiff has only one witness, besides himself, who resides in the county of New York. Taking into consideration the place where the contract was made and to be performed, and that a majority of the witnesses reside in the county where it is sought to have the action tried, I am of the opinion the motion should have been granted.

The order appealed from therefore must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.