### BELDEN v. SCHAPIRO et al.

(Supreme Court, Appellate Division, Third Department.   May 13, 1910.)

VENUE (§ 52*)—CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

Where the cause of action was assigned to plaintiff for the convenience of a nonresident corporation, the real party in interest, the venue should be changed to the county in which the cause of action arose and where the witnesses are, and a bond required by an order denying the change, conditioned to pay fees and expenses of witnesses to defendants if they succeed, does not justify retention in the county wherein the nominal plaintiff resides and the action was brought.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, Albany County.

Action by Elmer E. Belden against Jacob Schapiro and another. From an order denying defendants' motion for change of venue to New York county for the convenience of witnesses, and requiring plaintiff to give a bond conditioned to pay defendants, if successful, all witness fees and such sums as they may actually and in good faith pay witnesses for reasonable expenses, and which are not taxable, defendants appeal.   Reversed, and motion granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Morris Meyers, for appellants.

Rockwood, McKnight & McKelvey (L. B. McKelvey, of counsel), for respondent.

JOHN M. KELLOGG, J.   The Silver Hat Company, a Connecticut corporation, was transacting business in the city of New York, and there sold and delivered to the defendants merchandise, for the purchase price of which recovery is sought.   The answer is breach of warranty, and that the goods were unmarketable, and the contract was changed by a new agreement; that the corporation was transacting business in the state of New York, in violation of the statute of the state.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

All of the witnesses reside in or about the city of New York. The cause of action was assigned to the plaintiff, evidently for the convenience of the Hat Company, which is apparently the real party in interest. The cause of action should be tried in the county where it arose, and where the witnesses are. There is no reason why the trial should be had in Saratoga county, except that the Hat Company, or its attorneys, have selected an assignee who lives in that county. The bond required by the order does not justify the retention of the action in Saratoga county, and a reimbursement to the defendants does not avoid the question that the ends of justice and the convenience of witnesses require that the trial should take place where the cause of action arose and the witnesses reside.

The order should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to abide the event. All concur.