### JACINA v. LEMMI.

(Supreme Court, Appellate Division, Second Department. February 7, 1913.)

1. VENUE (§ 8*)—TRANSITORY ACTION—ACTION FOR PERSONAL INJURIES.

An action for personal injuries negligently inflicted is transitory, and generally the place of trial should be in the county in which the cause of action arose.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 17; Dec. Dig. § 8.*]

2. VENUE (§ 68*)—CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

Where defendant, in an action begun in Kings county for a personal injury sustained by plaintiff in Delaware county, showed, in support of his application for a change of place of trial to Delaware·county on the ground of convenience of witnesses, that all but one of the material witnesses named resided in Delaware county, and showed what they would testify to, and plaintiff in opposition averred in his affidavit that he was informed and believed that the accident was witnessed by only two persons, not named, and that it was desired by plaintiff to produce two or more witnesses residing in New York, the refusal to change the place of trial was erroneous.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 121; Dec. Dig. § 68.*]

3. VENUE (§ 77*)—CHANGE OF PLACE OF TRIAL—WAIVER OF RIGHT.

A defendant, who by inadvertence served a notice of trial, and who, before it had been acted on and with great promptness, withdrew it, was not thereby deprived of his right of a change of place of trial for the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

convenience of the witnesses, in the absence of any suggestion that plaintiff, in the interval between the service of the notice and the withdrawal, took steps to prepare for trial in the county in which the action was brought, or that his position was prejudiced by the notice.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 59, 134, 138; Dec. Dig. § 77.*]

Appeal from Special Term, Kings County.

Action by Anthony Jacina, as administrator of Martin Jacina, deceased, against Elizabeth C. Lemmi. From an order denying a motion to change the place of trial from the county of Kings to the county of Delaware, defendant appeals. Reversed, and motion granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Walter C. Stevens, of New York City, for appellant.
H. R. Scoville, of New York City, for respondent.

BURR, J. The defendant is engaged in the business of manufacturing wood alcohol and other wood products, with factories situated at various places in Delaware county, and, among others, at Elk Brook, in said county. On March 27, 1912, plaintiff's intestate was employed by defendant as a laborer in collecting logs and transporting them to defendant's factory, and while driving a team of horses, attached to a wagon heavily loaded with logs, down a steep incline, at or near Elk Brook, aforesaid, sustained personal injuries, in consequence of which he died.

In this action, brought to recover damages for the pecuniary injury resulting therefrom, various grounds of negligence are alleged, the principal of which are supplying decedent with "an improper and imperfect brake or means of blocking the wheels of said wagon while passing down said steep incline," and failure on the part of defendant's superintendent to properly attach a rope to the said load for the purpose of assisting to lower it down said incline. Defendant answered, denying any negligence upon her part, and affirmatively alleging contributory negligence upon the part of decedent, and the assumption by him of open, obvious and apparent risks.

[1] Within nine days after the joining of issue, defendant moved to change the place of trial from Kings county to Delaware county, upon the ground that the convenience of witnesses would be promoted thereby. Code Civ. Proc. § 987. Upon the merits, defendant was clearly entitled to the relief asked for. The action being transitory in character, the general rule is that the place of trial should be the county in which the cause of action arose. Jacobson v. German-American Button Co., 124 App. Div. 251, 108 N. Y. Supp. 795; Pinkus v. United Cloak & Suit Co., 124 App. Div. 535, 108 N. Y. Supp. 932; Neeley v. Erie Railroad Co., 134 App. Div. 781, 119 N. Y. Supp. 953; Studebaker Bros. Co. v. W. N. Y. & P. Traction Co., 140 App. Div. 308, 125 N. Y. Supp. 224; Neiman v. Gardner, 145 App. Div. 197, 129 N. Y. Supp. 913.

[2] Defendant names ten material and necessary witnesses whom

she proposes to call upon the trial of the action. All but one of these reside at Elk Brook. He resides at Hazel, Sullivan county. Several of these witnesses, their names being specified in the moving affidavit, defendant alleges will testify that the wagon furnished decedent was in good condition, that the brake shoe was in perfect order, and that decedent himself loosed this brake shoe thereby causing the accident. One or more of the witnesses, also named in the moving affidavit, defendant alleges will testify that the rope was securely fastened.

The only affidavit submitted in opposition to the motion is made by plaintiff's attorney, and is to the effect that "deponent is informed and believes that the occurrence which resulted in the death of the plaintiff's intestate was witnessed by only two persons besides himself," and that "it is desired on the part of the plaintiff to produce two or more witnesses in support of the plaintiff's claim who reside in the city of New York, and one, and perhaps two, witnesses who live in Delaware county, New York." This affidavit is entirely insufficient, for it fails to state either the names of the witnesses whom plaintiff proposes to call, or to state the substance of the testimony to be given by them, or to show how it is material. McPhail v. Ridout, 83 Hun, 446, 31 N. Y. Supp. 934; Lyman v. Gramercy Club, 28 App. Div. 30, 50 N. Y. Supp. 1004; Lyman v. Corey, 28 App. Div. 623, 51 N. Y. Supp. 1144.

[3] Respondent contends, however, that defendant has waived her right to make this application. Issue was joined on November 18, 1912. On the same day plaintiff noticed the cause for trial for the December term to be held in Kings county, and on the same day, and as defendant now asserts, by inadvertence, a cross-notice of trial was served by her attorney. On November 21st, and before the making of the motion to change the place of trial, defendant served upon plaintiff's attorney a notice to the effect that she withdrew her cross-notice of trial for the December term, and plaintiff's attorney indorsed thereon the following words:

"Service of the within notice, withdrawing defendant's notice, is hereby admitted this 21st day of November, 1912."

Whether or no this may be a consent upon his part to the withdrawal of defendant's notice of trial, we think that, under the circumstances here disclosed, it cannot be said that defendant waived her right to move to change the place of trial for the convenience of witnesses. If she had accepted a benefit, such as an extension of time to plead, under an agreement, express or implied, that she would try the action in the county in which it was originally brought, or had obtained a postponement of the trial when regularly reached upon the call of the calendar, a different question would be presented (Haiz v. Starin, 1 N. Y. St. Rep. 553; Coleman v. Hayes, 92 App. Div. 575, 87 N. Y. Supp. 12; Schaaf v. Denniston, 121 App. Div. 504, 106 N. Y. Supp. 168); but in this case defendant received no benefit, nor has plaintiff's position in any way changed by an inadvertent service of a notice on defendant's part, which, before it had been acted upon, and with great promptness, was withdrawn. There is no suggestion that, in the in-

terval between the service of the notice on the 18th of November and defendant's withdrawal thereof on the 21st of November, plaintiff had taken any steps to prepare for the trial of the action in Kings county, or that in any other manner his position had been prejudiced.

We think that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.