BRECHT v. JAGGER.

(Supreme Court, Appellate Division, Second Department. May 12, 1916.)

VENUE &⇒27—SUIT ON ASSIGNED CLAIM.

Where plaintiff's assignors resided and rendered the services sued for in Orange county, defendant's motion to change the venue from Kings county to Orange county will be granted, since the court has to consider the county where the cause of action arose, rather than the convenience of a plaintiff suing upon an assigned claim.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 41; Dec. Dig. &⇒27.]

Appeal from Special Term, Kings County.

Action by Frederick Brecht against David W. Jagger. From an order denying defendant's motion to change the venue, he appeals. Order reversed, and motion granted.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

Peter Cantline, of Newburgh, for appellant.
Albert W. Meisel, of New York City, for respondent.

PER CURIAM. The ends of justice will be promoted by trying these issues in Orange county. It was there that plaintiff's assignors resided and rendered the services sued for. We have to consider the county where the cause of action arose (Jacina v. Lemmi, 155 App. Div. 397, 139 N. Y. Supp. 1034), rather than the convenience of a plaintiff suing upon an assigned claim (Belden v. Schapiro, 138 App. Div. 669, 123 N. Y. Supp. 53). Plaintiff's opposing affidavits array 10 witnesses, mostly cumulative, for the purpose of showing that defendant was trustee under the agreement of April 24, 1914, and acted as such. But this agreement does not appear to be disputed, and plaintiff's acts under it may apparently be proved by witnesses in Newburgh, without cumulative testimony from New York.

The order appealed from should therefore be reversed, with $10 costs and disbursements to appellant, to abide the event, and defendant's motion granted to change the place of trial to Orange county.

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes