ISAAC M. CATE, Who Sues on Behalf of Himself and All Other Stockholders of the AMERICAN LOCOMOTIVE COMPANY, Who Are Situated Similarly with Himself, Respondent, *v.* PLINY FISK and Others, Appellants, Impleaded with ALEXANDER G. FISK and Others, Defendants. (Action No. 2.)

Third Department, November 15, 1916.

Venue — corporations — stockholder's action — change of place of trial for convenience of witnesses and to promote the ends of justice — proof of value of stock.

Where, in a stockholder's action against a corporation and certain individuals to recover and have money restored to the company upon the ground that the president of the corporation, one of the defendants, acting in bad faith, wrongfully and fraudulently purchased shares of its common

stock above the market price and at the same time sold to the same firm, doing business in the city of New York, shares of the preferred stock at less than its value, which acts were not ratified by the directors of the corporation, it appears that the actual or market value of the common and preferred stock will be the principal issue; that the plaintiff is a non-resident; that none of the individual defendants live in the county where the venue is laid, but live in the city of New York and have their offices there; that although a city in the county of the venue is named in the certificate of incorporation as the principal place of business of the corporation, its principal business office is located in New York city; that the defendants have twelve material witnesses residing in New York city; that the plaintiff has named eight witnesses, but the evidence proposed to be given by only one of them will be relevant, the place of trial should be changed to the county of New York for the convenience of witnesses and in order to promote the ends of justice.

Proof of the value of one of several plants operated by a corporation, the stock of which has been listed by the Stock Exchange and bought and sold extensively on the market, is of no assistance in determining the market value of such stock.

APPEAL by the defendants, Pliny Fisk and others, from an order of the Supreme Court, made at the Schenectady Special Term and entered in the office of the clerk of the county of Schenectady on the 31st day of May, 1916, denying their motion to change the place of trial herein.

*Satterlee, Canfield & Stone* [*Martin W. Littleton, Harlan F. Stone* and *Huger W. Jervey* of counsel], for the appellants Fisk and others.

*Simpson, Thacher & Bartlett* [*Graham Sumner* and *L. B. Duer* of counsel], for the appellant American Locomotive Company.

*Edgar T. Brackett*, for the respondent.

HOWARD, J.:

This action is brought by a stockholder of the American Locomotive Company, in behalf of himself and other stockholders, against the company and certain individuals, to recover and have restored to the company $465,000. The plaintiff bases his cause of action upon the allegation that the defendant Marshall, while president of the company, acting in bad faith, wrongfully and fraudulently purchased from Harvey Fisk & Sons, during the panic of 1907, with the company's funds,

25,000 shares of the common stock of the company, paying therefor $45 per share, the market price of said stock then being only $35 a share.   Also that said Marshall sold to Fisk & Sons at the same time, without authority, fraudulently and in bad faith, 9,000 shares of the preferred stock of the company, which shares were then owned by the company, for $90 per share, the said stock then being worth $100 per share; and that these acts were never ratified by the board of directors of the company.   The answers deny the charges of fraud, bad faith, illegality and lack of ratification.   The plaintiff laid the venue in Schenectady county and the defendants have moved to change the place of trial for the convenience of witnesses to New York county.   Their motion was denied at Special Term and an appeal brings the matter here.

The plaintiff is not a resident of Schenectady county; he resides in Baltimore, Md.   None of the individual defendants live in Schenectady county; they live in or near New York city and have their offices there.   In the certificate of incorporation the city of Schenectady is named as the principal place of business of the company; in fact, however, its principal business office is located at 30 Church street, New York city; its records are kept there; all the meetings of its executive committee and its board of directors are held there; the transactions under criticism took place there.

It is apparent from the pleadings and from the affidavits that the actual value, or, at least, the market value, of both the common and the preferred stock will be the principal issue to be litigated and the chief subject of proof.   The history of the transactions in question will, therefore, undoubtedly be inquired into.   The question as to whether the company actually lost or gained by the transaction will be a vital issue. The books, documents and records of the company will quite likely be needed and demanded in court; also probably the books and records of the Fisk firm.

With these subjects presenting themselves for proof and inquiry, the defendants have named twelve witnesses whose testimony they allege to be material and necessary.   The affidavits convince us that they will be material and necessary. The plaintiff has named eight witnesses all of whom he asserts

to be necessary to establish his cause of action. But six of these witnesses will be offered only to "testify to the value of the plant and equipment of the American Locomotive Company" in Schenectady. We are not persuaded that the testimony of these six witnesses will be material to the issues presented here. The company has eight manufacturing plants directly owned by it and one indirectly owned. The Schenectady plant is only one of these properties. It seems to us, therefore, that proof of the value of this single plant will be wholly valueless and also irrelevant and inadmissible. The principal effort in this suit will be to discover the value of the stock of the American Locomotive Company just before and on the day of the transactions in question. That was fixed by the market; and the great market for the purchase and sale of securities, as everybody knows, was then and is now the New York Stock Exchange. A small, obscure concern, whose stock is not listed by the Stock Exchange and which has never been bought and sold on the market, might establish the value of its stock by proof of the value of the plant; but proof of the physical value of one out of the several plants of this great establishment would assist not at all in determining the market value of its stock.

One other witness is offered to prove the assessed value of the plant. His evidence, of course, will be valueless for the reasons just stated. The remaining witness presented by the plaintiff is offered to testify to the prices at which the stock of the company sold prior to and at the time of the transactions in question. Of course his testimony will be relevant, and his convenience must be considered. He resides in Schenectady.

. If all other things were about equal the fact that the cause of action arose in New York city would be a controlling consideration and tip the scales in favor of that city. But all other things are not equal. The number of witnesses necessary and material to the issues here who will be convenienced by a trial in New York city completely outweighs those who will be accommodated by a trial in Schenectady county; and the accessibility to the necessary books, records, papers and documents adds vastly to the contentions of the defendants. We have duly considered the well-known rules and adjudications touching

the subject of witnesses residing outside the State, witnesses in the employ of the defendants, witnesses who are also defendants, as well as the reluctance of courts to remove trials from rural counties to New York; however, in the broad exercise of our duty to promote " the ends of justice," we have determined that the place of trial of this action should be removed from Schenectady county to the county of New York. (See Code Civ. Proc. § 987.)

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted.