Gladys Sheffell and Annette Lovings, Respondents, *v.* C. W. Miller Transfer Company, Appellant, Impleaded with Hotel Touraine Company of Buffalo, Defendant. (Appeal No. 1.)

Gladys Sheffell and Annette Lovings, Respondents, *v.* C. W. Miller Transfer Company, Defendant, Impleaded with Hotel Touraine Company of Buffalo, Appellant. (Appeal No. 2.)

Second Department, May 9, 1919.

**Trial — change of place of trial to county where transaction arose.**

Where in an action by actors against an innkeeper and a local transfer company in the city of Buffalo to recover damages for the breach of a theatrical contract because they did not receive their luggage containing costumes at another city in time to use the same, it appears that a trial in Kings county would call for taking to said county the books, records and some of the employees of the innkeeper and of the transfer company, and that there are three witnesses material to the defense of the innkeeper and at least three witnesses necessary to the defense of the carrier, the place of trial should be changed to the county of Erie where the transaction arose.

Upon a motion to change the place of trial, the fact that the cause of action arose in the county to which the trial is sought to be transferred is a controlling consideration, if all other things are about equal.

Appeals by the defendants, C. W. Miller Transfer Company and Hotel Touraine Company of Buffalo, from two orders of

the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 14th day of January, 1919, denying their separate motions to change the place of trial herein from Kings county to Erie county.

*Hector · M. Hitchings [Henry W. Fox* with him on the brief], for the appellant C. W. Miller Transfer Company.

*Warren Tubbs,* for the appellant Hotel Touraine Company of Buffalo.

*James A. Beha [John M. Downes* and *James J. Murray* with him on the brief], for the respondents.

PER CURIAM:

Practically there is no dispute as to these facts. The plaintiffs were lodgers with luggage at the defendant's inn in Buffalo. When the other defendant, a local carrier, called on order of plaintiffs for the luggage on December 2, 1917, the innkeeper refused to deliver it. There was on that day a debt for board then due the hotel from plaintiffs. The debt was discharged on December third, and the luggage was delivered by the innkeeper to the carrier on December fourth. The plaintiffs were actors. Their grievance is that consequent to this delay they did not receive their luggage, which contained theatrical costumes, at Toledo, O., in time to use those costumes, and thereby they lost a contract.

When we come to the consideration of the witnesses, we find that one plaintiff deposes that her husband is a material and necessary witness, in that he was present when the contract was made with the carrier; but that contract is admitted; that her husband knows of his own knowledge that there " were no outstanding bills owed " by plaintiffs to the innkeeper, but this is indefinite and the affiant herself deposes that at the time plaintiffs had no outstanding bills *except* for the current week, which was paid on December third, a statement which agrees with the affidavit of the innkeeper. The second suggested witness is Mr. Stamm, who was familiar with the character of plaintiffs' performances and their success. This is hardly an issue, for the plaintiffs allege that they

were damaged by the breaking of a theatrical *contract.* The third suggested witness is Mr. Scibilia, who obtained the said engagement at Toledo, and knew the compensation therefor, the length thereof, and the loss. Analysis shows that in any event Mr. Scibilia is the sole necessary witness.

In view of the pleadings of the defendants and their admission, we may infer that the burden is practically with them, and a reading of the affidavits indicates that, aside from the present employees of the innkeeper, there are three witnesses as to facts material to the defense of the innkeeper, and that there are at least three material witnesses necessary to the defense of the carrier. The trial in Kings county naturally would call for taking to the place the innkeeper's books, records and some of its employees in addition to these outside witnesses, and the same comment, save as to outside witnesses, is applicable to the common carrier. It does not appear where these plaintiffs resided at the time of the occurrence complained of, but they do depose that at the commencement of the action they resided in Kings county. The transaction arose in the county of Erie. If all other things were about equal, the fact that the cause of action arose in that county would be a " controlling consideration." (*Cate* v. *Fisk, No. 2,* 175 App. Div. 238.)

As to the general rule, see *Jacina* v. *Lemmi* (155 App. Div. 397, 399); *Pinkus* v. *United Cloak & Suit Co.* (124 id. 535, 536).

The order, in each case, should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs; all costs to abide the event.

JENKS, P. J., MILLS, PUTNAM, KELLY and JAYCOX, JJ., concurred.

In each case: Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; all costs to abide the event.