SELDEN TRUCK CORPORATION, Plaintiff, v. WILLIAM T. BURNS, Defendant.

Supreme Court, Monroe Special Term, March 5, 1924.

Trial — change of place of trial — motion by defendant for change of venue to county of his residence granted where convenience of witnesses is about evenly balanced and original transaction took place where defendant resides.

A motion to change the place of trial will be granted in an action on promissory notes given in part payment of an automobile truck and transferred to the plaintiff where the convenience of witnesses is nearly balanced and the action is brought in the county of the transferee of the notes as against the county where the original transaction occurred and where the fraud set up in the answer is alleged to have arisen.

MOTION by defendant to change the place of trial.

*Hubbell, Taylor, Goodwin & Moser*, for the plaintiff.

*Conboy & Hendricks*, for the defendant.

RODENBECK, J. The defendant was the owner of a truck. He turned it in as part payment on a new Selden truck and gave a series of notes for the balance. The new truck has been retaken and resold under a chattel mortgage which was given to secure the notes and the upshot of the transaction is that the defendant has turned in his old truck, has been foreclosed of his new truck and is being sued for $800, the balance due on the promissory notes. Under this state of facts an opportunity should be afforded him to try his case in the county where he resides and where the contract originated. He claims that there was fraud in the sale of the truck and if such fraud were perpetrated it was accomplished in Jefferson county where the transaction with reference to the sale of the truck took place. The plaintiff has enumerated the greater number of witnesses, seventeen of whom, however, are its officers or employees, and many of them will undoubtedly not be necessary. The original transaction, the alleged fraud and the gist of the controversy arose in Jefferson county and the plaintiff, according to its contention. is a mere transferee of the notes and wishes the trial in Monroe county because that is the place where it transacts business. *Belden* v. *Schapiro*, 138 App. Div. 669; *Brecht* v. *Jagger*, 172 id. 880. Making due allowance for padding in the array of witnesses proposed by the

plaintiff, the number of witnesses is about evenly balanced and the place where the original transaction took place should control. If either of these parties should be given an advantage with reference to convenience in the trial of the issues in this case, it should be the defendant. He is not in such circumstances that he can afford to transport his witnesses to Monroe county and support them until his case is reached, a course which would practically amount to a denial of justice to him.

In the interest of justice and for the convenience of witnesses, the motion is granted, with ten dollars costs.

Ordered accordingly.